## 20359. WRIGHT v. PEARSON.

STEPHENS, J. 1. Where an instrument in writing, by which a person, in consideration of $500 in cash paid to him, obligates himself to convey to another the title to timber of designated sizes on designated land when the latter person shall have paid two stipulated installments of $500 and $2,000 respectively, and which by its terms is designated as a "lease" for a designated term of years, and provides that no timber shall be cut until all the purchase-money has been paid, although it is elsewhere stated in the instrument that the instrument is an "option to purchase" which shall expire upon the dates named for the payment of the two installments referred to if either of these installments is not paid, the instrument constitutes a contract by which the owner of the timber, in consideration of a part payment of the purchase-money, agrees and obligates himself to sell the timber to the other person and to convey the title thereto only when the entire agreed purchase-price has been paid in full.

2. While the prospective purchaser under this contract, by reason of having cut some of the timber and converted it to his own use without having paid the entire purchase-price as provided in the contract, may not have acquired any title to the timber, and may not have had the right to rely upon any of the terms of the contract, yet where a suit against him ex contractu was instituted by the owner of the timber to recover an alleged balance due for the timber actually cut, arising by virtue of another and different contract from the written instrument herein referred to, and being a contract fixing the purchase-price of the timber actually cut, but being, according to the plaintiff's testimony, a contract resting entirely in parol, and where the defendant in his plea denied the existence of the contract as alleged by the plaintiff, and testified upon the trial that the written instrument constituted the only contract between the parties fixing any liability upon the defendant for the timber cut, it was error for the court to reject the written instrument from evidence, on objection urged by the plaintiff on the ground that it did not appear that the defendant had complied with the terms of the instrument. It was relevant as evidence tending, together with the defendant's testimony, to disprove the parol agreement testified to by the plaintiff. The court having erred in excluding this testimony, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 15, 1930.

*E. L. Stephens, T. E. Hightower,* for plaintiff in error.
*M. H. Blackshear,* contra.